IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL JOE ROBBINS,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>RESIDENT VERIFY, LLC,<br><br>　　　　　　　　　　Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:20-cv-578-TC |

  Defendant Resident Verify, LLC, has moved the court to dismiss pro se plaintiff Michael Joe Robbins' Fair Credit Reporting Act (FCRA) claim with prejudice because he lacks standing under Article III of the U.S. Constitution. Resident Verify, in its Rule 12(b)(1) motion, asserts that Mr. Robbins has failed to allege facts demonstrating he has suffered a concrete injury-in-fact.

  For the reasons set forth below, the court finds that Mr. Robbins has sufficiently alleged standing to bring the claim. Accordingly, the court denies the motion to dismiss for lack of subject matter jurisdiction. But the court also finds that Mr. Robbins has not alleged facts that state a cause of action under the FCRA. As a result, the court dismisses the complaint without prejudice and gives Mr. Robbins leave to correct the deficiencies through a motion to amend.

**FAIR CREDIT REPORTING ACT**

Although Mr. Robbins does not cite to a particular section of the FCRA, it appears from his allegations that he is attempting to allege a claim under 15 U.S.C. § 1681e(b), which provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." A plaintiff may allege either a negligent or a willful violation of that section. 15 U.S.C. §§ 1681n, 1681o; Eller v. Trans Union, LLC, 739 F.3d 467, 473 (10th Cir. 2013). To prevail, the plaintiff must establish four elements: (1) the credit reporting agency (CRA) "failed to follow reasonable procedures to assure the accuracy of its reports"; (2) "the report in question was, in fact, inaccurate"; (3) the plaintiff suffered injury; and (4) the CRA's failure to follow reasonable procedures caused that injury. Eller, 739 F.3d at 473.

**STANDARD OF REVIEW UNDER RULE 12(B)(1)**

A party's motion to dismiss under Rule 12(b)(1) takes one of two forms: a facial challenge (focusing only on the complaint's allegations) or a factual challenge (producing materials outside the complaint to establish jurisdictional facts). Holt v. United States, 46 F.3d 1000, 1002–03 (10th Cir. 1995). When reviewing a facial challenge, the court must take the complaint's allegations as true. Id. at 1002. But if a defendant challenges jurisdiction based on facts outside the complaint, the court "may not presume the truthfulness of the complaint's factual allegations." Id. at 1003. Instead, the court evaluate the evidence of jurisdictional facts. To do so, the court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing[.]" Id.

Resident Verify brings a factual challenge to Mr. Robbins' complaint, but it proffers information rather than submitting supporting evidence. For purposes of this analysis, the court

takes the information at face value, understanding that Resident Verify would likely be able to provide the necessary evidence to support its proffer.

## PLAINTIFF'S ALLEGATIONS[1]

Mr. Robbins alleges in simple terms that Resident Verify is a background check company that reported inaccurate criminal-record information about him to his landlord, resulting in loss of his lease and embarrassment when the information was publicized to managers of the property. Specifically, he contends that

> Resident Verify® is a background check company used in my apartments in Oregon to screen residents. the [sic] company has me pleading guilty to Kidnapping 2 a false charge [sic] also a sex crime, causing me to be denied multable [sic] times on my screening and embarrassing me in front of apt. managers.

(Compl. p. 2, ECF No. 1.) As grounds for his claim, he simply writes, "Resident Verify violated the Fair Credit Reporting Act (FCRA) when I screened my name. I had a Guilty Plea of Kidnapping 2 which is untrue." (Id. p. 3.) In the "Injury" section of his complaint, he similarly alleges that because of Resident Verify's report, "I have been denied in my own apartments [sic] for lease renewel [sic] and embarrassed by presenting this information to my property management." (Compl. p. 4.)

In its motion, Resident Verify adds information Mr. Robbins does not mention in his complaint. Apparently, after Mr. Robbins learned of the inaccurate report, he

> contacted Resident Verify to submit a consumer dispute regarding the second-degree kidnapping record (a class B felony) at the center of his claim in this action, and [] Resident Verify processed his dispute in just one day, changing the

---

[1] Because Mr. Robbins is a pro se litigant, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

>reported conviction to unlawful imprisonment, a class C felony under Wash. Rev. Code § 9A.40.040.

(Mot. to Dismiss at 2–3, ECF No. 6.)  Resident Verify then corrects Mr. Robbins' allegation that second-degree kidnapping is a sex crime.  Citing to the criminal statutes of the State of Washington (where Mr. Robbins was apparently convicted), Resident Verify asserts that neither "unlawful imprisonment" nor "second-degree kidnapping" is "a sex crime standing alone."  (Id. at 5; but see Wash. Rev. Code Ann. § 9A.40.030 (3)(b) ("Kidnapping in the second degree with a finding of sexual motivation under RCW 9.94A.835 or 13.40.135 is a class A felony.").)

After Resident Verify corrected its mistake, Mr. Robbins' "lease renewal application was subsequently approved by the same property management company referenced in the Complaint."  (Mot. at 5.)  Mr. Robbins, in his opposition to the motion to dismiss, confirms that the apartment management company renewed his lease after Resident Verify fixed the problem.

>I literally just ran my name through Resident Verify to move into my new apt. in February of 2021.  I passed.  Also more deception in the request for dismissal, is how the information (false) was obtained.  I did not see this info first.  The ladies of the front desk of the apt. seen it first.  I had my lease renewal denied.  So the higher management extended my current lease so that I wouldn't be kicked out.

(Opp'n to Mot. Dismiss at 1, ECF No. 9.)

Resident Verify's statement of additional facts does not diminish Mr. Robbins' allegations that Resident Verify did initially submit an inaccurate report and, as a result, Mr. Robbins suffered embarrassment and a denial (albeit short-lived) of his lease renewal application.  Still, Resident Verify argues the alleged injury is so de minimis that it does not meet the Article III standing requirement that the plaintiff has suffered a concrete injury.

## PLAINTIFF'S STANDING

To establish standing under Article III, Mr. Robbins must allege that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that

4

is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).  Resident Verify focuses on the injury-in-fact element, which requires a plaintiff to "show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical." Id. at 1548 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

Resident Verify argues that Mr. Robbins "cannot credibly allege that such a slight distinction between two felony offenses, appearing on his consumer report for only a day after his dispute, caused him any concrete injury."  (Mot. at 5.)  According to Resident Verify, the

> alleged injury relies on the flawed premise that if Plaintiff's consumer report stated that he pled guilty to unlawful imprisonment (i.e., the crime for which Plaintiff was convicted), instead of second-degree kidnapping, it would have been viewed differently by his apartment manager in the lease renewal process or would have been less embarrassing for Plaintiff.  This assertion is simply not credible.

(Id. at 4.)  The court disagrees.

First, Resident Verify reported inaccurate information to the apartment manager, which resulted in denial of Mr. Robbins' lease renewal application.  That is a concrete injury under FCRA.  See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2208–09 (2021) (holding in a FCRA case that when a credit reporting agency disseminated false information in plaintiffs' credit files to third parties, plaintiffs suffered the concrete harm necessary to establish Article III standing).[2]

Second, even if the apartment managers would not have had a materially different reaction to the correct information, Mr. Robbins says he was embarrassed when the "ladies of the front desk"[3] heard he had been convicted of second-degree kidnapping.  Nothing in the record

---

[2] When making its determination in TransUnion, the Court assumed, for purpose of its analysis, that the plaintiffs had properly alleged an important element of their FCRA claim (that is, that the credit reporting agency failed to use reasonable procedures when internally maintaining the plaintiffs' credit files).  TransUnion, 141 S. Ct. at 2208.
[3] Opp'n to Mot. to Dismiss, ECF No. 9.

contradicts that allegation. Embarrassment, although intangible, can be a concrete injury under FCRA. See, e.g., Spokeo, 136 S. Ct. at 1549 (addressing standing under FCRA, the Court said "[a]lthough tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete."); Stevenson v. TRW Inc., 987 F.2d 288, 296 (5th Cir. 1993) ("Actual damages [under FCRA] include humiliation or mental distress[.]"); Magruder v. Capital One, N.A., ___ F. Supp. 3d ___, No. 19-57 (RDM), 2021 WL 1999544, *6 (D.D.C. May 19, 2021) (finding that alleged emotional distress from credit reporting agency's dissemination of false information was a "legally cognizable injury in fact for purposes of Article III."); Anderson v. Equifax Info. Servs. LLC, 292 F. Supp. 3d 1211, 1220 (D. Kan. 2017) ("Under the FCRA actual damages 'may include humiliation and embarrassment, even if the consumer suffered no out-of-pocket losses.'") (quoting Tilley v. Global Payments, 603 F. Supp. 2d 1314, 1325 (D. Kan. 2009)).

Finally, although Mr. Robbins alleges what could be considered a de minimis injury, the court finds he has established a concrete harm and has standing to bring his claim. See, e.g., Czyzewski v. Jevic Holding Corp., 137 S. Ct. 973, 983 (2017) ("For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'"); United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669, 689 n.14 (1973) ("'Injury in fact' reflects the statutory requirement that a person be 'adversely affected' or 'aggrieved,' and it serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem.").

For these reasons, the court denies Resident Verify's Rule 12(b)(1) Motion. But the court finds that Mr. Robbins' complaint is deficient for a different reason. He has failed to state a claim upon which relief may be granted under FCRA.

## **FAILURE TO STATE A FCRA CLAIM**

As Resident Verify points out, Mr. Robbins does not allege facts showing Resident Verify failed to follow reasonable procedures to assure accuracy of the report it gave to the property manager. Without allegations to establish that second element of a claim under § 1681e(b), his claim fails as a matter of law. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6) (allowing dismissal for failure to state a claim); Fed. R. Civ. P. 8(a)(2) (a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief").

In fairness to Mr. Robbins, the court will give him an opportunity to amend his complaint to include information supporting that second element. "Without apparent grounds to deny leave—such as undue delay, repeated failure to cure deficiencies in the pleadings, or undue prejudice to the opposing party—the court should [give the plaintiff] 'an opportunity to test his claim on the merits.'" Staats v. Cobb, 455 F. App'x 816, 818 (10th Cir. 2011) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962); see also Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) ("Fed.R.Civ.P. 15 provides that leave to amend 'shall be freely given.' This is especially true here because [the plaintiff] is proceeding pro se."); Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings.").

If Mr. Robbins files a proposed amended complaint, he may not offer a conclusory statement that Resident Verify did not follow reasonable procedures. He must allege facts supporting that conclusion. If the court views his proposed amendment and finds he has not

stated facts supporting all the elements, court will deny his request for leave to amend and dismiss the case with prejudice.

## **ORDER**

For the foregoing reasons, Resident Verify, LLC's Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 6) is DENIED.  But because Mr. Robbins does not state a claim for relief under FCRA § 1681e(b), the court DISMISSES THE CASE WITHOUT PREJUDICE.  Mr. Robbins may file a motion asking for permission to file an amended complaint (a copy of the proposed complaint must be attached to the motion).  His motion, should he choose to file one, must be postmarked no later than August 27, 2021.  If Mr. Robbins does not file a timely motion, the court will dismiss the case with prejudice.

DATED this 2nd day of August, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge